LAW OFFICE OF DAVID H. LEVENTHAL
*Proposed Attorneys for the Debtor*
188 Ludlow Street – Suite 3G
New York, New York 10002
(212) 729-3179
David H. Leventhal, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| In re:<br><br>92 VANDERBILT AVENUE INC.,<br><br>           Debtor. | Case No._____<br>Chapter 11 |

------------------------------------------------------------X

## AFFIDAVIT PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

STATE OF NEW YORK    }
                                       ) ss:
COUNTY OF NEW YORK}

EDWARD DORAN, being duly sworn, deposes and says:

1. I am the vice president and owner of forty-five percent of the outstanding shares of 92 Vanderbilt Avenue Inc, the debtor and debtor in possession in the above-captioned Chapter 11 proceeding ("Debtor").  As such, I am familiar with the Debtor's operations, businesses and financial affairs.

2. I submit this affidavit pursuant to Rule 1007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

**Local Rule 1007-2(a)(1)**

3. The Debtor, a New York corporation, formed in June of 2008, is engaged in the business of purchasing, owning, holding, selling, developing, financing, investing in, managing, or otherwise operating real property.

4. Debtor's general strategy is to buy interests in distressed properties or properties with disputes as to ownership, and then seeks to resell these interests at a profit. Debtor has sought to pursue short sales of properties and sales of properties after negotiating with parties with alleged competing interest to its properties.

5. In July 2013, East Williamsburg Affordable Housing Initiative LLC ("EWAHI"), an entity which holds a commercial lease in a property located at 890 Flushing Avenue in Brooklyn, New York was formally merged into Debtor.

6. Also in July 2013, 308 West 127th Street Corp. ("308 Corp."), a company which owns a 2/3 interest in a property located at 2036 Eastern Parkway, Brooklyn was also formally merged into Debtor.

7. As a result of the merger transactions, Debtor is now the beneficial and legal owner of all of the assets of EWAHI and 308 Corp., notwithstanding that those assets may be held in the name of EWAHI or 308 Corp.

8. Debtor does not currently have any cash flow, and its expenses have been covered in the past by the principals of the Debtor.

9. Debtor expects in the near term to be able to generate positive cash flow from the subleasing of its leasehold interest in the property located at 890 Flushing Avenue once Debtor is able to evict the current inhabitant of the premises.

10. Debtor has filed this action to allow it the opportunity to deal with its creditors in a single forum and to allow it, where appropriate, to sell or liquidate its assets.

**Local Rule 1007-2(a)(2)**

11. This case was not originally commenced under Chapter 7 or 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. No trustee or committee has been appointed herein.

**Local Rule 1007-2(a)(3)**

12. Upon information and belief, no committee was organized prior to the order for relief in the Chapter 11 case.

**Local Rule 1007-2(a)(4)**

13. A list of the names and addresses of the Debtors' respective 20 largest unsecured claims, excluding insiders is attached to the petition and is set forth in Debtor's Schedule F.

**Local Rule 1007-2(a)(5)**

14. A list of the names and addresses of the Debtors' respective five largest secured creditors is set forth in Debtor's Schedule D.

**Local Rule 1007-2(a)(6)**

15. Debtor's assets are fully set forth in Debtor's Schedules A and B, with an approximate aggregate value of $1,708,000. The Debtor's liabilities consist of secured debt in the approximate amount of $3,400,000 although this number includes disputed liens and the aggregate of secured claims which may be contingent, unsecured priority claims in the approximate amount of $40,000, and general unsecured debt in the approximate amount of $50,000.

**Local Rule 1007-2(2)(7)**

16. There are no publicly held securities of the Debtors. A list of equity interest holders in the Debtor and their respective interests is set forth in Debtor's Ownership Statement attached to the petition, and also in response to question 21 in Debtor's Statement of Financial Affairs.

**Local Rule 1007-2(2)(8)**

17. None of Debtor's property is in the possession or custody of a custodian, or similar party.

**Local Rule 1007-2(a)(9)**

18. The Debtor's offices are located c/o Vincent Longobardi,1621 East 31st Street,

Brooklyn.

**Local Rule 1007-2(a)(10)**

19. Debtor's substantial assets are listed in Debtor's Schedules A and B. Debtors books and records are held by Jonathan Marcus, 5 Harmon Street, Long Beach NY 11561, by Vincent Longobardi,1621 East 31st Street, Brooklyn, and by Edward Doran, 115 Hett Avenue, Staten Island, New York 10306.  The Debtors do not own any assets outside the territorial limits of the United States.

**Local Rule 1007-2(a)(11)**

20. The nature and present status of litigation pending or threatened against the Debtor or its property is set forth in response to question 4(a) in Debtor's Statement of Financial Affairs.

**Local Rule 1007-2(a)(12)**

21. The senior management of the Debtors consists of:

> Vincent Longobardi – President
> Edward Doran – Vice President
> Jonathan Marcus – Treasurer

**Local Rule 1007-2(b)(1)**

22. The estimated payroll to the employees of the Debtors, exclusive of managers, officers and directors, for the thirty (30) day period following the filing of the chapter 11 petition is $0.

**Local Rule 1007-2(b)(2)**

23. The estimated amount to be paid by the Debtors for services to their managers, officers and directors for the thirty (30) day period following the filing of the Chapter 11 petition is $0.

**Local Rule 1007-2(b)(3)**

24. The estimated amounts for the thirty (30) day period following the filing of the Chapter 11 petition of  net cash gain or loss, obligations and receivables expected to accrue but remaining unpaid, other than professional fees is $0.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

                                                            */s/ Eward Doran*
                                                         Edward Doran, Vice President

Sworn to before me this
26th  day of November 2013

*/s/ David H. Leventhal*

NOTARY PUBLIC